# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) ) | Case No. 1:11CR00035 |
| v. | ) ) | **OPINION AND ORDER** |
| **ROBERTO RICIERI RIBEIRO, ET AL.,** | ) ) | By: James P. Jones |
| Defendants. | ) ) | United States District Judge |

*Joseph W.H. Mott, Assistant United States Attorney, Roanoke, Virginia, for United States; Jeffrey A. Sudduth, Legon Fodiman, P.A., Miami, Florida, and E. Craig Kendrick, Browning, Lamie & Gifford, P.C., Abingdon, Virginia, for Third-Party Claimant.*

In this criminal forfeiture proceeding, the United States has filed an Objection to the Report and Recommendation of the magistrate judge recommending that the United States' Motion to Dismiss filed against the ancillary claim of Galaxy Filters, LLC, be denied.[1]

The United States contends that the claimant has no standing because it is only a general creditor of the defendants Belcorp of America, Inc., and Roberto Ricieri Ribeiro and thus does not have a legal interest in any of the forfeited property. The magistrate judge recommended that court deny the Motion to

---

[1] In the Report and Recommendation, the magistrate judge also recommended that the United States' Motion to Dismiss the ancillary claim of KneX Worldwide be granted. No objection has been filed to that aspect of the Report and Recommendation and I will grant the Motion to Dismiss.

Dismiss because the United States has not shown at this stage that it is not seeking forfeiture of all of the defendants' assets, in accord with *United States v. Reckmeyer*, 836 F.2d 200, 205-06 (4th Cir. 1987). With its Objection, the United States has filed an affidavit, not presented to the magistrate judge, in which the government's case agent indicated that certain escrow accounts in the names of other entities were not sought to be forfeited even though the defendant Ribeiro asserted that he in fact owned them. In addition, the case agent stated that he believed that other unnamed assets were not sought for forfeiture, but that he was investigating that further.

The United States also argues that the invoices by the claimant show that the goods were delivered to a different entity. The magistrate judge determined that because it was asserted by the claimant that these invoices were for product delivered to and used by the defendant Belcorp, the claim was legally sufficient.

I have carefully considered de novo the subjects of the United States' Objection. Even with the case agent's affidavit, I find that the Report and Recommendation should be accepted. While the government may ultimately be correct, on the present record a definitive determination of the extent of the forfeiture and the validity of the claim cannot be made. Of course, it is possible that discovery and summary judgment may be appropriate before any hearing on

the claim, *see* Fed. R. Crim. P. 32.2(c)(1)(B), issues which I will leave in the hands of the magistrate judge.[2]

Accordingly, it is **ORDERED** as follows:

1. The United States' Objection (EFC No. 361) is DENIED;

2. The Report and Recommendation (ECF No. 352) is ACCEPTED;

3. The United States' Motion to Dismiss Petition of Galaxy Filters, Inc., (ECF No. 331) is DENIED; and

4. The United States' Motion to Dismiss the Ancillary Claim of KneX Worldwide (ECF No. 330) is GRANTED and said claim is DISMISSED.

                ENTER: May 27, 2014

                /s/ James P. Jones
                United States District Judge

---

[2] I have previously referred all proceedings relating to ancillary claims of third-party interests in forfeited property in this case to the magistrate judge. (Order, May 1, 2014, ECF No. 349.)