# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERTO RICIERI RIBEIRO;<br>MARK RICHARD SPEARS;<br>TIMOTHY ROSS STEWART;<br>BELCORP OF AMERICA, INC.; and<br>PLAYERS INTERNATIONAL<br>SERVICE CORPORATION,<br><br>*Defendants*,<br><br>PODDER GRANDSONS, INC., and<br>PODDER LOGISTICS, INC.,<br><br>*Petitioners.* | Criminal No. 1:11cr00035<br>**REPORT AND**<br>**RECOMMENDATION** |

This matter is before the court on the Government's Motion To Dismiss Amended Petitions Of Podder Grandsons, Inc., And Podder Logistics, Inc., (Docket Item No. 353) ("Motion"). The Motion requests the court to dismiss the ancillary claims of Podder Grandsons, Inc., (Docket Item No. 321), and Podder Logistics, Inc., (Docket Item No. 322) ("Claims"), filed in this matter in response to the court's October 18, 2012, Preliminary Order Of Forfeiture, (Docket Item No. 151) ("Forfeiture Order"). Pursuant to the court's May 17, 2014, Order, (Docket Item No. 351), Podder Grandsons, Inc., and Podder Logistics, Inc., have responded to the Motion. No party has requested to be heard on the Motion. Therefore, the Motion is ripe for decision. The matters have been referred to the undersigned for a report and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

The Motion seeks dismissal of the Claims pursuant to Federal Rules of Criminal Procedure Rule 32.2(c)(1)(A) for lack of standing and for failure to state a claim upon which relief can be granted. In particular, the Government argues that Mohammed Hai Babul originally filed claims pro se on behalf of Podder Grandsons, Inc., and Podder Logistics, Inc., (Docket Item Nos. 188, 189.) Babul, the plant manager for Belcorp of America, Inc., ("Belcorp"), a defendant in this case, was charged in a separate indictment, pled guilty and was sentenced on January 15, 2014. *See United States v. Babul*, No. 1:13cr00009 (Docket Item No. 43). As part of his plea agreement with the Government, Babul executed a waiver of any claim to the assets sought to be forfeited in this case. This waiver is attached as Exhibit A, (Docket Item No. 353, Att. No. 1), to the Motion and states, in pertinent part:

> The United States agrees that [it] will not assert that an ancillary claim filed in No. 1:11CR35 by immediate family members of Mohammed Hai Babul, individually or on behalf of the corporate entities, is time-barred. The United States reserves its right to contest any such claim(s) and assert any other defenses thereto.
> Having been given notice of the forfeiture of the asset(s) pursuant to law, and of my right to pursue a claim with the United States and the right to proceed with the ancillary petitions pursuant to 21 U.S.C. [§] 853, I, Mohammed Hai Babul, individually and on behalf of Podder Logistics, Inc. and Podder Grandsons, Inc., hereby relinquish any and all interest I may have in the following described asset(s) and consent to the forfeiture of these asset(s) to the United States:
> **Inventory, assets, and property of Roberto Ribeiro and Belcorp of America, Inc.**

Subsequent to the execution of this waiver, the court dismissed the claims of Podder Logistics, Inc., and Podder Grandsons, Inc., filed by Babul. (Docket Item No. 350.) On January 7, 2014, Amina Birthy, Babul's daughter, filed an Amended

Petition Asserting an Interest in Property on behalf of Podder Grandsons, Inc. (Docket Item No. 321.) Asif Bappi, Babul's son, filed a similar petition on behalf of Podder Logistics, Inc., on the same date. (Docket Item No. 322.) Podder Grandsons, Inc.'s, petition states that it was incorporated on June 9, 2009, and was owned by shareholders Bithy and Bappi until September 7, 2012, when ownership was transferred to Babul. The petition further states that, on November 25, 2013, Babul transferred ownership of Podder Grandsons, Inc., to Bithy. Podder Logistics, Inc.'s, petition states that it was incorporated on June 30, 2011, and was owned by Babul until November 25, 2013, when ownership was transferred to Bappi. Both amended petitions state that they adopt and incorporate the original petition filed on behalf of the entity by Babul. The original petitions alleged that Podder Grandsons, Inc., was owed $558,820.57 for raw material supplied to Belcorp from May 27 to October 18, 2011, and Podder Logistics, Inc., was owed $39,653.00 for the transportation of product shipped on behalf of Belcorp from October 5 to October 18, 2011.

Under the criminal forfeiture statute, a person, other than the defendant, who is asserting a legal interest in forfeited property, may petition the court for a hearing to adjudicate the validity of the party's alleged interest in the property. *See* 21 U.S.C.A. § 853(n)(2) (West 2013). The petition must be signed under penalty of perjury and must outline the petitioner's right, title or interest in the property and the time and circumstances of the petitioner's acquisition of the right, title or interest in the property. *See* 21 U.S.C.A. § 853(n)(3) (West 2013). To prevail, a petitioner must establish by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was

vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

    (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section….

21 U.S.C.A. § 853(n)(6)(A)-(B) (West 2013). *See United States v. Reckmeyer*, 836 F.2d 200, 203-04 (4th Cir. 1987).

Under Federal Rules of Criminal Procedure Rule 32.2, these petitions may be dismissed for "lack of standing, for failure to state a claim, or for any other lawful reason." FED. R. CRIM. P. 32.2(c)(1)(A). In considering one of these motions, the court must assume that all facts set out in petition are true. *See* FED. R. CRIM. P. 32.2(c)(1)(A).

Here, the Government has moved to dismiss the Claims. In particular, the Government argues that the waiver executed by Babul relinquished any claim Babul or the corporate entities, Podder Grandson, Inc., and Podder Logistics, Inc., had to the assets sought to be forfeited. The corporate entities, Podder Grandsons, Inc., and Podder Logistics, Inc., on the other hand, argue that the waiver relinquished only any interest Babul, himself, had in the assets sought to be forfeited. Based on my review of the language of the waiver, I find that it is ambiguous as to what claims are being waived, and, therefore, I recommend that the Claims should not be dismissed at this point on this basis. While the waiver states, at one point, that Babul is acting "individually and on behalf of Podder Logistics, Inc. and Podder Grandsons, Inc," it also states that Babul is

-4-

Case 1:11-cr-00035-JPJ-PMS   Document 407   Filed 09/10/14   Page 4 of 7   Pageid#: 2954

relinquishing "any and all interest *I* may have" to the assets sought to be forfeited. The waiver does not say that Babul is relinquishing any interests that the corporate entities may have to the assets sought to be forfeited.

The Government also argues that the court should dismiss the Claims because, as general creditors, Podder Grandsons, Inc., and Podder Logistics, Inc., have no legal interest in the property ordered to be forfeited. The Fourth Circuit Court of Appeals held in *Reckmeyer* that an unsecured or general creditor of a person whose property is subject to forfeiture does have a legal interest in the debtor's property. *See Reckmeyer*, 836 F.2d at 205. The difficulty comes, the court recognized, when the creditor is required to show an interest in a particular asset sought to be forfeited. *See Reckmeyer*, 836 F.2d at 206. This difficulty does not arise, however, when, as in *Reckmeyer*, the Government seeks forfeiture of all of a debtor's assets or the debtor's entire estate. Because a general creditor's legal interests "necessarily lie within that estate," the court held that, in such cases, general creditors have standing to oppose forfeiture. *Reckmeyer*, 836 F.2d at 206.

In this case, the Forfeiture Order covers a five-page list of assets owned by the defendants. These assets include amounts of currency seized, amounts of tobacco proceeds, numerous financial accounts, numerous vehicles and proceeds from the sales of numerous vehicles, proceeds from the sale of one piece of real property and five other pieces of real property, factory equipment and personal property such as bottles of wine and liquor, books and artwork. Despite this lengthy list of assets to be forfeited, the Government argues that it is not seeking forfeiture of all of the defendants' assets. Therefore, the Government argues, the reasoning of *Reckmeyer* does not apply. The Government has not, however, provided the court with any proof that it is not seeking forfeiture of all of the

defendants' assets. This representation is contained in an unsworn memorandum, which is not accompanied by any affidavits. Therefore, I recommend that the court hold that it is inappropriate to dismiss the Claims based on this reason at this time.

I also note that, accepting the facts alleged in the amended petitions as true, it appears that Podder Grandsons, Inc., has alleged a superior right to some of the assets sought to be forfeited. Podder Grandsons, Inc., alleges that it provided raw materials to Belcorp and that Belcorp never paid it for those materials. It also has alleged that it sought the return of these raw materials from the Government after the Government seized these assets.

## RECOMMENDED DISPOSITION

Based on the above, I recommend that the court deny the Government's Motion to dismiss the Claims and set the Claims for ancillary proceeding.

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: September 10, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE