# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERTO RICIERI RIBEIRO;<br>MARK RICHARD SPEARS;<br>TIMOTHY ROSS STEWART;<br>BELCORP OF AMERICA, INC.; and<br>PLAYERS INTERNATIONAL<br>SERVICE CORPORATION,<br><br>*Defendants*,<br><br>KneX Worldwide, LLC,<br><br>*Petitioner*. | Criminal No. 1:11cr00035<br>**REPORT AND**<br>**RECOMMENDATION** |

This matter is before the court on the Petition For Adjudication Of Interest In Property Forfeited And Request For Hearing Pursuant to 21 U.S.C. § 853(n), (Docket Item No. 435), ("Claim"), filed by the Petitioner, KneX Worldwide, LLC, ("KneX"). The Claim seeks payment from the forfeited assets of Belcorp of America, Inc., ("Belcorp"), to satisfy outstanding invoices due to KneX by Belcorp in the amount of $74,296.67, for goods supplied to Belcorp by KneX. A hearing was held before the undersigned on the Claim on June 18, 2015. The matter has been referred to the undersigned for a report and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Under the criminal forfeiture statute, a person, other than the defendant, who is asserting a legal interest in forfeited property, may petition the court for a hearing to adjudicate the validity of the party's alleged interest in the property. *See* 21 U.S.C.A. § 853(n)(2) (West 2013). The petition must be signed under penalty of perjury[1] and must outline the petitioner's right, title or interest in the property and the time and circumstances of the petitioner's acquisition of the right, title or interest in the property. *See* 21 U.S.C.A. § 853(n)(3) (West 2013). To prevail, a petitioner must establish by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section….

21 U.S.C.A. § 853(n)(6)(A)-(B) (West 2013). *See United States v. Reckmeyer*, 836 F.2d 200, 203-04 (4th Cir. 1987).

In analyzing KneX's Claim, as a threshold issue, the court first must determine whether KneX has the requisite standing to assert its Claim. Under Federal Rules of Criminal Procedure Rule 32.2, these petitions may be dismissed

---

[1] KneX's Claim previously was dismissed by order dated May 27, 2014, for failure to sign under the penalty of perjury, as required by 21 U.S.C. § 853(n)(3). (Docket Item No. 363.) However, by order dated October 27, 2014, this previous order was vacated, and KneX was granted leave to file a properly signed claim out of time. (Docket Item No. 431.)

for "lack of standing, for failure to state a claim, or for any other lawful reason." FED. R. CRIM. P. 32.2(c)(1)(A). In considering one of these motions, the court must assume that all facts set out in the petition are true. *See* FED. R. CRIM. P. 32.2(c)(1)(A). "To establish standing under 21 U.S.C. § 853, a petitioner has the burden of showing a present legal interest in the specific property subject to forfeiture." *United States v. French*, 822 F. Supp. 2d 615, 617 (E.D. Va. 2011) (citing *United States v. Schecter*, 251 F.3d 490, 495 (4th Cir. 2001)).

In this case, on October 18, 2012, this court entered a Preliminary Order of Forfeiture, ("Forfeiture Order"), ordering that certain assets of the defendants[2] in the underlying criminal case, up to the amount of the money judgment, be forfeited to the Government. (Docket Item No. 151). Attached to the Forfeiture Order was a list of the defendants' real estate and personal property ordered forfeited by the court. *See* Attachment A to Forfeiture Order. The parties do not dispute that KneX's status is that of a general creditor of Belcorp.

The Government argues that KneX's Claim fails because KneX, as a general creditor of Belcorp, cannot assert a legal interest in any particular property ordered forfeited by the court. The Fourth Circuit Court of Appeals held in *Reckmeyer* that an unsecured or general creditor of a person whose property is subject to forfeiture does have a legal interest in the debtor's property. *See Reckmeyer*, 836 F.2d at 205. However, the difficulty comes when the creditor is required to show an interest in a particular asset sought to be forfeited. *See Reckmeyer*, 836 F.2d at 206. This difficulty does not arise, however, when, as in *Reckmeyer*, the Government seeks forfeiture of all of a debtor's assets or the debtor's entire estate. Because a general

---

[2] In addition to Belcorp, these defendants included Roberto Ricieri Ribeiro, Mark Richard Spears, Timothy Ross Stewart and Players International Service Corporation.

creditor's legal interests "necessarily lie within that estate," the court held that, in such cases, general creditors have standing to oppose forfeiture. *Reckmeyer*, 836 F.2d at 206.

The viability of KneX's Claim, then, turns on whether the Government sought forfeiture of all of Belcorp's assets. If so, then the narrow exception created in *Reckmeyer*, allowing general creditors standing to pursue claims to adjudicate their interests in forfeited property, applies. If not, then the court must find that KneX has no standing to pursue its Claim. In this case, the Forfeiture Order covers a five-page list of assets owned by the defendants, including amounts of currency seized, amounts of tobacco proceeds, numerous financial accounts, numerous vehicles and proceeds from the sales of numerous vehicles, proceeds from the sale of one piece of real property and five other pieces of real property, factory equipment and personal property such as bottles of wine and liquor, books and artwork. Despite this lengthy list of assets to be forfeited, however, the Government steadfastly argues that it is not seeking forfeiture of all of the defendants' assets. Also, while defendant Roberto Ribeiro testified at the hearing that all of his assets were seized, he did not testify that all of Belcorp's assets were so seized. The Government also has offered an unsworn affidavit under penalty of perjury dated May 21, 2014, from Special Agent William C. Duke, with the Bureau of Alcohol, Tobacco, Firearms and Explosives, ("ATF"), stating his belief that "other assets of Belcorp were left at the Belcorp factory and the Players International location, and not sought for forfeiture." (Docket Item No. 361-1, ("Duke Affidavit")). Special Agent Duke concluded "the Government did not seek to forfeit all of the defendants' assets." (Duke Affidavit). Special Agent Duke further stated that he was in the process of reviewing the recordings of the search warrant executions and other materials to determine what further assets were not

forfeited, and he would submit a supplemental statement upon completion of such review. (Duke Affidavit). It does not appear that such a supplemental statement has been submitted to the court as of the time of entry of this Report and Recommendation. Despite the Government's failure to supply such supplemental statement, I find that, when taken into consideration with the other evidence on this factual issue, Special Agent Duke's Affidavit tips the scale in favor of the Government. Furthermore, at the hearing, the Government admitted into evidence an inventory of property not seized from the Belcorp factory during the execution of search warrants for that location. *See* Government's Ex. 2. Again, I find that such evidence tips the scale in favor of the Government on the issue of whether the Government seized all of Belcorp's assets. Lastly, and perhaps most importantly, KneX itself has not supplied the court with any evidence that all of Belcorp's assets were, in fact, seized, and as the party seeking an adjudication of interest in the seized property, it is KneX who bears the ultimate burden of proving the existence of such interest. *See* 21 U.S.C. § 853(n)(2); *see Schecter*, 251 F.3d at 494.

It is for all of the above-stated reasons that I recommend that the court dismiss KneX's Claim.[3]

---

[3] There was testimony at the hearing that Robert Dennis Makepeace, the President and Chief Executive Officer of KneX, was present and "listening" during some conversations regarding the underlying fraudulent scheme for which the defendants ultimately were convicted in this case. The court wishes to make clear that it was obvious from Makepeace's presentation during the hearing that he suffers from a quite severe hearing deficiency. Therefore, any testimony regarding Makepeace's presence during discussions of the scheme to defraud the Government, even if deemed credible, does not require the court to conclude that Makepeace was, in fact, aware of and/or complicit in the existence of such a scheme. In fact, the court finds Makepeace's testimony, that he was not present at any such meeting, that he was not aware of the underlying criminally fraudulent scheme and that he entered into only good faith business transactions with the defendants, credible.

## RECOMMENDED DISPOSITION

Based on the above, I recommend that the court dismiss KneX's Claim, as it has failed to make the requisite showing of the existence of a legal interest in any of the property ordered forfeited by the court, pursuant to 21 U.S.C. § 853(n)(6)(A), and, therefore, under Federal Rules of Criminal Procedure Rule 32.2 (c)(1)(A), KneX lacks standing to bring this Claim to adjudicate its interest in the property ordered forfeited by the Government.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. ' 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record.

DATED: July 2, 2015.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE