IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:11CR00035 |
| | ) | |
| ROBERTO RICIERI RIBEIRO, ET AL., | ) | OPINION |
| | ) | |
| Defendants, | ) | By: James P. Jones |
| | ) | United States District Judge |
| KNEX WORLDWIDE, LLC, | ) | |
| | ) | |
| Petitioner. | ) | |

*Joseph W.H. Mott, Assistant United States Attorney, Roanoke, Virginia, for United States; H.M. Whitesides, Jr., Law Offices of H.M. Whitesides, Jr. P.A., Charlotte, North Carolina, and Jeffrey E. Cox, Law Office of Seaton & Husk, L.P., Vienna, Virginia, for Petitioner.*

In this criminal case, the defendants, including Belcorp of America, Inc. ("Belcorp"), were subjected to property forfeiture. In a collateral proceeding, the petitioner, KneX Worldwide, LLC ("KneX"), has asserted an interest in the forfeited property of Belcorp. Following a hearing, the magistrate judge submitted a report recommending that the court dismiss KneX's claim. KneX has timely objected to the magistrate judge's report. Having conducted a de novo review, I adopt the magistrate judge's Report and Recommendation.

Belcorp was a cigarette manufacturer. Pursuant to 21 U.S.C. § 853(n), KneX, a supplier of cigarette manufacturing material and machinery, seeks

payment from the forfeited assets of Belcorp to satisfy outstanding invoices due to KneX by Belcorp in the amount of $74,296.67. The outstanding invoices are for goods supplied to Belcorp by KneX.

Regarding the forfeited property, the parties do not dispute that KneX is a general creditor of Belcorp.[1] (*See, e.g.*, Pet. for Adjud. of Int. in Prop. Forfeited & Req. for Hr'g ¶ 15, ECF No. 435.) It is also undisputed that the government did not seize all of Belcorp's property. Rather, the government did not seize relatively low value items, mainly furniture and office equipment. These items had an aggregate value of $17,859, although none of the items individually exceeded the value of $1,000. (Gov't Hr'g Ex. 2, ECF No. 476-2.)

KneX's petition was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After conducting a hearing, the magistrate judge recommended that KneX's claim be denied. More specifically, the magistrate judge concluded that KneX lacked standing to pursue its interest as a general

---

[1] In its Petition, KneX also claims an interest as a secured creditor of Belcorp in property represented by invoices for items it supplied. (Pet. for Adjud. of Int. in Prop. Forfeited & Req. for Hr'g ¶ 11, ECF No. 435.) Additionally, KneX asserts in its Petition that the invoiced items or their proceeds are not forfeitable for various reasons. (*Id.* ¶ 12.) These claims were not discussed in the magistrate judge's Report and Recommendation. Moreover, KneX's failure to supply a transcript of the hearing before the magistrate judge makes it unclear if these issues were raised at that time. Regardless, KneX has not raised any objection based on these arguments; therefore, I will consider them waived. *See United States v. Midgette*, 478 F.3d 616, 621–22 (4th Cir. 2007) (holding that objections must focus on specific issues, in part because a district court is not responsible for reviewing every issue considered by a magistrate judge).

creditor because, under Fourth Circuit precedent, KneX could not establish an interest in any particular forfeited property of Belcorp. KneX has filed an objection to the report, which has been briefed by the parties and is ripe for decision.

I must make a de novo determination of those portions of the magistrate judge's report to which KneX objects. *See* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."). In this case, KneX's objection is directed at the magistrate judge's legal determination that KneX lacks standing.

As an initial matter, KneX has not arranged for the transcribing of the hearing before the magistrate judge as required under the rules. Fed. R. Crim. P. 59(b)(2) ("Unless the district judge directs otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient. Failure to object in

Case 1:11-cr-00035-JPJ-PMS   Document 500   Filed 08/13/15   Page 3 of 8   Pageid#: 3353

accordance with this rule waives a party's right to review."). However, as noted in the Advisory Committee Notes to Rule 59, the waiver provisions of this rule do not affect a district judge's authority to review a magistrate judge's determination. *Cf.* Fed. R. Crim P. 59 advisory committee's note to 2005 adoption ("[T]he district judge retains the authority to review any magistrate judge's decision or recommendation whether or not objections are timely filed."). Rather, as I have previously stated in an analogous context involving the application of Federal Rule of Civil Procedure 72(b)(2), "[i]n the absence of the required transcript, the plaintiff failed to properly assert his objections . . . . To the extent the objections rely on factual disputes contained in testimony that is not before this court, the objections are overruled." *Nickles v. Liberty Life Assurance Co. of Bos.*, No. 1:10CV00014, 2011 WL 202464, at *1 (W.D. Va. Jan. 21, 2011); *see also Jain v. Memphis-Shelby Cty. Airport Auth.*, No. 08-2119-STA-dkv, 2010 WL 446989, at *3 (W.D. Tenn. Feb. 1, 2010) (noting that the movant failed to obtain a transcript pursuant to Rule 72, leaving the court to consider the written order and briefing supplied to the court). In this context, the requirements of the civil and criminal rules of procedure are analogous, warranting the application of related case law to this proceeding. *See* Fed. R. Crim. P. 59 advisory committee's note tp 2—5 adoption (stating that Rule 59 "is derived in part from Federal Rule of Civil Procedure 72").

-4-

Case 1:11-cr-00035-JPJ-PMS   Document 500   Filed 08/13/15   Page 4 of 8   Pageid#: 3354

More importantly, however, the relevant facts appear uncontested. In short, a transcript of the evidentiary hearing is not necessary to resolve KneX's objection, because there is no dispute regarding the relevant facts. As a result, I am able to perform a de novo review of the magistrate judge's legal conclusion based on the undisputed facts presented in the magistrate judge's report and the parties' briefs.

Pursuant to the criminal forfeiture statute, a person, other than the defendant, who asserts a legal interest in forfeited property may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). If the petitioner is not a bona fide purchaser for value, the petitioner must establish by a preponderance of the evidence that

> the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section.

*Id.* § 853(n)(6)(A).

In the Fourth Circuit, general or "unsecured creditors of persons whose property is subject to forfeiture have a 'legal interest' in the debtor's property." *United States v. Reckmeyer*, 836 F.2d 200, 205 (4th Cir. 1987) (*Reckmeyer II*). However, a general creditor's legal interest does not assure standing to challenge the forfeiture of a defendant's assets. *Id.* In this context,

Case 1:11-cr-00035-JPJ-PMS   Document 500   Filed 08/13/15   Page 5 of 8   Pageid#: 3355

> Section 853 requires more than a showing of a legal interest in the debtor's property. It requires that the interest exist in the property subject to forfeiture. This second hurdle may well prove fatal to the claims of a number of general creditors. Although general creditors can claim an interest in their debtors' estates, they cannot claim an interest in any particular asset that makes up that estate. That barrier has no impact on the claim of petitioners here, however, because, as the government concedes, the order of forfeiture reaches all the discovered and undiscovered assets of [the defendant] and the government has seized all of his known assets. In practical terms [the defendant]'s entire estate has been forfeited to the government. Because petitioners' interests necessarily lie within that estate, they meet the threshold qualification for relief by asserting a legal interest in the property subject to forfeiture.

*Id.* at 205–06 (footnote omitted).

KneX contends that *Reckmeyer II* must be read in conjunction with an earlier opinion issued in the same criminal proceeding in which the Fourth Circuit noted that the "forfeiture pled in the [defendant's] indictment exempted relatively small possessions, i.e., items having a retail value of less than $1,000 located at the [defendant's] residence." *United States v. Reckmeyer*, 786 F.2d 1216, 1222 (4th Cir. 1986) (*Reckmeyer I*); *see also Reckmeyer II*, 836 F.2d at 202 (noting that the defendant "agreed to forfeit to the United States virtually all of his assets, both discovered and undiscovered"). Relying on this difference between the two *Reckmeyer* opinions, KneX argues that "all assets," for purposes of standing, actually means all assets valued at over $1,000. KneX argues that this distinction is warranted because it removes the government's incentive to ignore seemingly insignificant assets in an attempt to avoid the interests of legitimate creditors.

KneX's argument has some degree of appeal; however, it is unavailing under these circumstances. First, in *Reckmeyer I*, the Fourth Circuit's focus on items with values less than $1,000 was to stress its conclusion that non-criminal funds were presumably used to purchase property exempted from the forfeiture. *Id.* at 1222 ("[T]he forfeiture pled in the indictment exempted relatively small possessions . . . . These are the only items which [the defendant] arguably might have purchased with any legitimate income he might have received."). Second, I am bound by the clear precedent expressed in *Reckmeyer II*, and the undisputed facts of this case. In *Reckmeyer II*, the Fourth Circuit definitively concluded that all assets had been forfeited. *See* 836 F.2d at 205–06. In contrast, there is no dispute that not all of Belcorp's assets were forfeited. This distinction is determinative in this case.

There is no doubt that *Reckmeyer II* "offers little guidance as to the quantity of one's estate which must be left to avoid the exception" it creates for general creditors. *United States v. French*, 822 F. Supp. 2d 615, 618 (E.D. Va. 2011). At a minimum, however, it is appropriate to assume that the Fourth Circuit was aware of the factual distinction identified by KneX in the two appeals by the Reckmeyer defendant in reaching its conclusion that all of the defendant's assets were forfeited. Moreover, the *Reckmeyer* exception for general creditors is a minority approach that has been regularly limited to its facts. *See French*, 822 F. Supp. 2d

at 618; *United States v. $3,000 in Cash*, 906 F. Supp. 1061, 1068–69 (E.D. Va. 1995); *United States v. Jaynes*, No. 5:06-CR-54-BR, 2009 WL 129969, at *3 (W.D.N.C. Jan. 20, 2009). Under these circumstances, I do not believe that there is a basis for extending the *Reckmeyer* exception in the way advocated by KneX.

For the foregoing reasons, I will accept the magistrate judge's Report and Recommendation. A separate order will be entered herewith.

DATED: August 13, 2015

/s/ James P. Jones
United States District Judge